# CARTER LEDYARD & MILBURN LLP
*Counselors at Law*

John R. Casolaro
Partner

Direct Dial: 212-238-8736
E-mail: casolaro@clm.com

2 Wall Street
New York, NY 10005-2072

Tel (212) 732-3200
Fax (212) 732-3232

570 Lexington Avenue
New York, NY 10022-6856

December 23, 2019

SO ORDERED:

/s/ George B. Daniels
George B. Daniels, U.S.D.J.

Dated: JAN 07 2020

*Via ECF*
The Honorable George B. Daniels
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 11A
New York, New York 10007

Re: **National Railroad Passenger Corporation v. City of New York
No. 19 cv 8597(GBD)(SDA) – Request for Adjournment of Initial
Pretrial Conference and Request for Extension of Time to Answer**

Dear Judge Daniels:

This firm represents Defendant, the City of New York (the "City"), in the above-referenced matter. With the consent of Mr. William Ballaine of Landman Corsi Ballaine & Ford P.C., counsel for Plaintiff, National Railroad Passenger Corporation ("Plaintiff" or "Amtrak"), we write to jointly request an adjournment of the Initial Pretrial Conference currently scheduled for January 15, 2020 at 9:30 a.m., as well as a third extension of time for the City to respond to Plaintiff's complaint. The Court granted the City's first two requests to extend the deadline for responding to Plaintiff's complaint. The current deadline for responding to the complaint is January 10, 2020 and the original deadline was October 11, 2019. This is the first request for an adjournment of the Initial Pretrial Conference.

Specifically, the parties respectfully request that the Court adjourn the Initial Pretrial Conference from January 15 to April 15, 2020, which would also adjourn the deadlines for the parties to (i) meet and confer pursuant to Rule 26 of the Federal Rules of Civil Procedure; and (ii) submit a Civil Case Management Plan and Schedule, both of which are calculated from the date of the Initial Pretrial Conference. Additionally, the parties respectfully request that the Court extend the deadline for the City to respond to the complaint from January 10, 2020 to April 10, 2020.

The reason for these requests is that counsel for the parties have been engaging in productive discussions regarding a potential amicable resolution; however, given the circumstances of this case, as summarized below, the parties need additional time to confirm whether such a resolution is possible.

9065965.1

The Honorable George B. Daniels -2-

Briefly, Amtrak is seeking a declaration that the City is not permitted to condemn Amtrak's rights and interests in certain property, including its rights (i) to operate its Empire Service over rail tracks located on Manhattan Tax Block 708, Lots 17, 20 and 48; Block 709, Lot 17; and Block 710, Lots 11 and 15 (collectively, the "Empire Right of Way"); (ii) in a permanent vehicular access ramp located on Manhattan Tax Block 709 Lot 15; and (iii) in a storage facility and billboard located on Manhattan Tax Block 710, Lot 15 (collectively, the properties identified by Tax Block and Lot in clauses (i), (ii), and (iii) above, in which Amtrak has the interests identified therein, are referred to herein as the "Empire Line Properties").

In its Determination and Findings, issued pursuant to Eminent Domain Procedure Law Section 204, the City authorized condemnation of certain specified property interests in furtherance of Phase 2 of the Hudson Park and Boulevard Project, and acknowledged that "the acquisitions will be subject to Amtrak's right to operate its Empire Line that runs below grade in the area." As stated in its complaint, Amtrak is seeking "clarification of which of Amtrak's rights and interests would or would not be potentially affected by the City's proposed acquisition" and "which of Amtrak's property rights and interests, if any, the City may claim the legal right to condemn in its EDPL proceeding."

The City is willing to share with Amtrak, in advance of filing or serving any acquisition petition that seeks to acquire any right or interest in the Empire Line Properties, a copy of such petition and exhibits in order to allow Amtrak to confirm for itself that Amtrak's rights or interests will not be acquired under the petition. The City intends to include in any such petition specific exclusionary language describing, *inter alia*, the specific rights or interests of Amtrak that are being excluded from the acquisition.

The City intends to commence a condemnation proceeding in connection with certain Empire Line Properties in early 2020. Counsel for both parties believe that a resolution of this case may be reached after Amtrak confirms that its rights and interests described above will not be acquired in that proceeding. However, in order to fully evaluate Amtrak's rights and interests in the Empire Line Properties, and to be able to prepare accurate exclusionary language, counsel for the City needs to review hundreds of pages of documents, including voluminous title reports and other unrecorded documents and agreements produced by Amtrak pursuant to a FOIA request.

Counsel for both parties believe that the requested adjournment of the Initial Pretrial Conference, and extension of time to respond to the complaint, will give the parties the necessary time to determine whether an amicable resolution can be reached. Accordingly, the parties respectfully request an adjournment of the Initial Pretrial Conference from January 15, 2020 to April 15, 2020, and an extension of time for the City to respond to Amtrak's complaint from January 10, 2020 to April 10, 2020.

9065965.1

Should the Court have any questions or want to discuss this case, counsel for both parties are open to scheduling either an in-person or telephonic conference.

Respectfully submitted,

John R. Casolaro

JRC:me

cc:   All parties of record (*via ECF*)